## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **JAMES WOODSON** | ) | |
| **and Woodson Estates and Family,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:04-1165** |
| | ) | |
| **THE CITY OF LEWISBURG,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending are the following Motions: Motion to Dismiss and Supportive Memorandum of Patrick I. Via (Document No. 33.); Motion of J.W. McClintic, C.J. Teubert, D.H. Howard, Gary Workman, T.L. Stover, the Lewisburg Police Department and the City of Lewisburg to Dismiss Plaintiff's Amended Complaint and Memorandum in Support (Document Nos. 34 and 35.); Motion to Dismiss of Patrick I. Via and Memorandum in Support (Document Nos. 36 and 37.); Motion of Greenbrier County Sheriff's Office and Greenbrier County Clerk's Office to Dismiss (Document Nos. 38 and 39.); Motion of Charles D. Beard, Brenda Smith and Brenda Campbell, Magistrates of Greenbrier County, to Dismiss and Memorandum in Support (Document Nos. 40 and 41.); Motion of J.W. McClintic, C.J. Teubert, D.H. Howard, Gary Workman, T.L. Stover, the Lewisburg Police Department and the City of Lewisburg for Summary Judgment and Memorandum in Support (Document Nos. 45 and 46.); and Motion of Wal-Mart Stores, Inc., to Dismiss and Memorandum in Support (Document Nos. 69 and 70.). Having examined the entire record in this case, the undersigned has concluded, and hereby respectfully recommends, that these Motions should be granted and this matter should be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 28, 2004, Plaintiff, acting *pro se*[1], filed a handwritten Complaint and an Application to Proceed *in forma pauperis*.[2] (Document Nos. 1 and 4.) The Court granted Plaintiff's Motion to Proceed *in forma pauperis*. (Document No. 7.) Plaintiff filed an Amended Complaint and paid the Court's filing fee on October 7, 2005, and Summonses were issued. (Document Nos. 9, 10 and 14.) Plaintiff alleges in his Amended Complaint (Document No. 9.) that on or about October 30, 2002, Defendant Gilbert Parsons' grandmother, Vada Woodson, drove Mr. Parsons to Wal-Mart in Lewisburg.[3] Mr. Parsons went into Wal-Mart while his grandmother waited in her car. J.W. McClintic, a police officer with the Lewisburg Police Department and off duty, recognized Mr. Parsons knowing that Mr. Parsons had history of mental problems, a criminal history involving explosives and firearms and had threatened violence against others and himself. Mr. Parsons went to the sporting goods department, filled out a form for a gun permit and purchased a shotgun and shotgun shells though Officer McClintic informed the Wal-Mart employee who processed the sale of Mr. Parsons' history. Defendant Gary Workman, another police officer with the Lewisburg Police Department, saw Mr. Parsons as he was leaving Wal-Mart with the shotgun and ammunition.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The envelope containing Plaintiff's Complaint had a White Sulphur Springs return address and Plaintiff's Motion to Proceed *in forma pauperis* indicated that he was in custody at the Southern Regional Jail. It appears that Plaintiff is currently incarcerated at Mount Olive Correctional Complex upon a conviction and sentence imposed by the Circuit Court of Greenbrier County, West Virginia. Plaintiff has not alleged  circumstances pertaining to his incarceration as the basis for his claims in this matter. Rather, he has alleged circumstances which occurred on or about October 30, 2002, as the basis for his claims.

[3] Plaintiff refers to Mr. Parsons as James Gilbert Parsons and Gilbert James Parsons in his Amended Complaint. It appears that Mr. Parsons is Plaintiff's brother. Amended Complaint, ¶ 30.

Mr. Parsons put the shotgun and ammunition in the trunk of his grandmother's car. Upon arriving at his residence, Mr. Parsons removed the shotgun and ammunition from his grandmother's car with his mother, Plaintiff and two younger brothers present. Upon seeing that Mr. Parsons had the shotgun and ammunition, Mr. Parsons' mother became frightened. Mr. Parsons took the shotgun and ammunition to his room in the residence and showed his two younger brothers how to load and aim it. Mr. Parsons' mother overheard Mr. Parsons instructing his younger brothers and entered the room. Apparently, one of the boys was pointing the shotgun at the door as she entered. About three hours after Mr. Parsons arrived at his residence with the shotgun and ammunition, police officers entered the residence, confiscated the shotgun and arrested Mr. Parsons.

Plaintiff claims that Lewisburg Police Officers McClintic, Teubert, Howard, Workman and Stover allowed Mr. Parsons to purchase the shotgun at Wal-Mart knowing of Mr. Parsons's criminal history and history of mental problems and threats and "negligently and intentionally placed the Plaintiffs and the public, in harm's way . . .." Plaintiff charges that the Lewisburg Police Department, Greenbrier County Sheriff Department, City of Lewisburg and the West Virginia State Police, Lewisburg Detachment, failed in training, supervising and disciplining their police officers to assure that persons like Mr. Parsons could not obtain firearms thereby depriving Plaintiff and the public of the right to be secure and protected under the law. Plaintiff claims that the Greenbrier County Clerk's Office negligently and intentionally failed to inform the police agencies of Mr. Parsons' criminal history and history of mental problems thereby placing Plaintiff's safety in jeopardy. Plaintiff alleges that Greenbrier County Magistrate Judges Beard, Smith and Campbell allowed Mr. Parsons to purchase the shotgun at Wal-Mart knowing of Mr. Parsons's criminal history and history of mental problems and threats and "negligently and intentionally placed the Plaintiffs

3

and the public, in harm's way . . . ." Plaintiff claims that Wal-Mart negligently and intentionally allowed Mr. Parsons to purchase the shotgun by failing to conduct a thorough criminal background check on Mr. Parsons and proceeding with the sale having information from Officer McClintic respecting Mr. Parsons' criminal history and history of mental problems. Plaintiff also alleges that Wal-Mart failed to train, supervise and discipline its employees to assure that persons like Mr. Parsons could not obtain firearms. Finally, Plaintiff charges that Mr. Parsons acted negligently and intentionally in purchasing the shotgun thereby jeopardizing the safety of his family. As a consequence of the Defendants' misconduct, Plaintiff claims that he and his family "have suffered damages including but not limited to, physical pain and suffering, mental anguish, limitations in their activities, and a diminution in their ability to enjoy life."

In his Motion to Dismiss and Supportive Memorandum (Document No. 33.) and Motion to Dismiss and Memorandum in Support (Document Nos. 36 and 37.), Patrick I. Via, the city attorney for the City of Lewisburg, contends that Plaintiff identified him as a Defendant in this matter in Paragraph 16 of Plaintiff's Amended Complaint and alleged no facts or circumstances indicating any basis for any claim against him. In their Motion to Dismiss and Memorandum in Support (Document Nos. 34 and 35.), J.W. McClintic, C.J. Teubert, D.H. Howard, Gary Workman, T.L. Stover, the Lewisburg Police Department and the City of Lewisburg contend that (1) the District Court does not have jurisdiction over the subject matter which Plaintiff alleges in his Amended Complaint; (2) the Court lacks jurisdiction through diversity of citizenship; (3) Plaintiff has failed to state a claim for which relief can be granted; and (4) Plaintiff lacks authority to assert the claims of his family members. In their Motion to Dismiss and Memorandum in Support (Document Nos. 38 and 39.), the Greenbrier County Sheriff's Office and Greenbrier County Clerk's Office state the same grounds

as the Lewisburg Police Officers and agencies as set forth above. In their Motion to Dismiss and Memorandum in Support (Document Nos. 40 and 41.), Charles D. Beard, Brenda Smith and Brenda Campbell, Magistrates of Greenbrier County, contend that (1) they are entitled to judicial immunity; (2) Plaintiff's claims are barred by the applicable statute of limitations[4]; and (3) Plaintiff has failed to state "the factual basis necessary to support an intentional or negligent infliction of emotional distress claim." By their Motion for Summary Judgment and Memorandum in Support (Document Nos. 45 and 46.), J.W. McClintic, C.J. Teubert, D.H. Howard, Gary Workman, T.L. Stover, the Lewisburg Police Department and the City of Lewisburg assert that (1) the applicable statute of limitations expired before Plaintiff filed his Complaint; (2) the agency Defendants are political subdivisions entitled to immunity under W.Va. Code § 29-12A-5(a)(5); (3) the Lewisburg Police Officers have qualified immunity against Plaintiff's claims; (4) Plaintiff's claim against the Greenbrier County Sheriff's Department fails because that agencies had no involvement in the circumstances which occurred on August 31, 2002; (5) Plaintiff's claim against Lewisburg Police Officer Teubert  fails because he had no involvement in the circumstances which occurred on August 31, 2002; (6) Plaintiff's claim against the Greenbrier County Clerk's Office fails because that agency did not have the duties or responsibilities which Plaintiff alleges; (7) Plaintiff cannot prevail on his claim of intentional or negligent infliction of emotional distress; and (8) Plaintiff cannot prevail on any claim cognizable under 42 U.S.C. § 1983. By its Motion to Dismiss and

---

[4] These Defendants indicate that Mr. Parsons purchased the shotgun and ammunition at Wal-Mart and the other facts and circumstances which Plaintiff alleges in his Amended Complaint occurred on August 31, 2002, not on October 30, 2002, as Plaintiff alleges. They attach a copy of documents evidencing that Mr. Parsons was charged in Criminal Complaints filed in the Magistrate Court of Greenbrier County, West Virginia, with obtaining the shotgun and ammunition at Wal-Mart under false pretenses and unlawfully possessing the firearm on August 31, 2002.

Memorandum in Support (Document Nos. 69 and 70.), Wal-Mart Stores, Inc., asserts that Plaintiff's Amended Complaint should be dismissed because (1) the applicable statute of limitations expired before he filed it; (2) it was not properly served with the Summons and Amended Complaint; and (3) Plaintiff has failed to state a claim for which relief can be granted.

Plaintiff filed a Response to Mr. Via's Motion to Dismiss stating that he "filed a formal complaint with the Mayor of Lewisburg, and at the time, the information from the complaint should have been forwarded to the attorney for the City of Lewisburg." Plaintiff asserts that, as city attorney, Mr. Via may be presumed to have had knowledge of the circumstances alleged in his Amended Complaint and, in failing to respond to his complaint, participated in a cover up of "some type of [improper] behavior and/or practices which, as an attorney, he should have advised the City not to partake in." (Document No. 43.) Plaintiff has filed further responses to Defendants' Motions generally disputing their entitlement to dismissal as they allege. (Document Nos. 49 - 52, 58, 68, 72 and 77.) Respecting Defendants' contention that his claims are barred under the applicable statute of limitations, Plaintiff states that "I was put in jail so I could not investigate this claim. I was put in a disability by defendant so I could not file timely. The filing was done from jail in 2004 two (2) months after State Tolling Limitation, but with me put in jail on this bogus charge, I do not see this action barred in Federal Court." (Document No. 59, p. 8.)Plaintiff further relies upon the discovery rule claiming that "[t]he discovery of this action came about in 2003 when my mom got out of the hospital." (Document No. 68. P. 1.) He states that "[t]he year 2003 was when my family and I came to realize that a grave injustice had befallen us." (Document No. 72, p. 4.)  Plaintiff further indicates that he and his family members were hampered in investigating their claim as it is asserted herein

by mental and physical illness and the intervening fraudulent and obstructive conduct of Defendants. (Document No. 77.)

## THE STANDARDS

### Motion to Dismiss Under Rule 12(b)(6).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corporation v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)(reference to Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), omitted.) Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* Complaints. *See* Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the

Complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d  340 (1992).

**<u>Summary Judgment.</u>**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. <u>Matsushita</u>, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. <u>Celotex</u>, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

<b><u>DISCUSSION</u></b>

Reading Plaintiff's Amended Complaint liberally as the Court must, the undersigned finds that Plaintiff intended initially in filing his Complaint to state first and foremost a claim pursuant to 42 U.S.C. § 1983. His intention to do so is clearer in his Amended Complaint. Section 1983

provides a "broad remedy for violations of federally protected civil rights." <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The undersigned further notes that it has long been held that constitutional rights may be vindicated by an award of nominal damages even in the absence of any injury justifying compensatory damages. <u>Carey v. Piphus</u>, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)(approving recovery of nominal damages without proof of actual injury.)

More specifically, the undersigned finds that Plaintiff is attempting to state a Section 1983 claim under the "state-created danger doctrine" enunciated in <u>DeShaney v. Winnebago County Department of Social Services</u>, 489 U.S. 189, 201, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)(Due process requires the States to protect individuals from dangers created or enhanced by the States or their agents.). <u>See also</u> <u>Pinder v. Johnson</u>, 54 F.3d 1169 (4th Cir. 1995), <u>cert. denied</u>, 516 U.S. 994, 116 S.Ct. 530, 113 L.Ed.2d 436 (1995); <u>Mills v. City of Roanoke</u>, 518 F.Supp.2d 815 (W.D.Va. 2007); <u>Sloane v. Kanawha County Sheriff Department</u>, 342 F.Supp.2d 545, 549 (S.D.W.Va. 2004). The <u>DeShaney</u> Court stated that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. * * * Its purpose was to protect people from the State, not to ensure that the State protected them from each other." <u>DeShaney</u>, 489 U.S. 195 - 196, 109 S.Ct. at 1003. Thus, the <u>DeShaney</u> Court concluded that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." <u>DeShaney</u>, 489 U.S. at 197, 109 S.Ct. at 1004. The

9

Court recognized two exceptions to this rule such that a duty to protect arises when (1) the State and an individual have a special relationship and (2) the State or its agents create or enhance a danger to an individual. A due process claim based upon the "state-created danger doctrine" has four elements: (1) the harm ultimately caused was foreseeable and direct; (2) the State actors acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the State and the plaintiff; and (4) the State actors used their authority to create an opportunity that otherwise would not have existed for the third party to cause harm. Bright v. Westmoreland County, 443 F.3d 276, 281 (3rd Cir. 2006), cert. denied, ___ U.S. ___, 127 S.Ct. 1483, 167 L.Ed.2d 228 (2007); Ruiz v. McDonnell, 299 F.3d 1173, 1182 - 1183 (10th Cir. 2002), cert. denied, 538 U.S. 999, 123 S.Ct. 1908, 155 L.Ed.2d 826 (2003). Importantly, respecting the fourth element, as District Judge Conrad recently recognized in Mills v. City of Roanoke, 518 F.Supp.2d 815, 819 (W.D.Va. 2007)(Citation omitted), "circuit courts have acknowledged that there may be possible constitutional liability when the state creates a dangerous situation or renders individuals more vulnerable to danger. * * * However, the state-created danger exception does not apply when officials merely fail to act." Thus, to state a claim under the "state-created danger doctrine", it must be alleged that affirmative conduct of the State or its agents actually created the danger. Allegations indicating that the State or its agents stood by and did nothing in view of potentially dangerous circumstances do not suffice. Mills v. City of Roanoke, 518 F.Supp.2d at 820.

Plaintiff has had a reasonable opportunity to refine his allegations and develop his claim as he has responded to the Defendants' Motions, and the undersigned finds that the facts and circumstances underlying Plaintiff's claim are fully presented in the record. Though none of the Defendants appear to have contended that Plaintiff has failed to state a claim for which relief can

be granted under the "state-created danger doctrine", the undersigned finds that he has not. Plaintiff basically alleges that the Defendants stood by and did nothing knowing that Mr. Parsons was purchasing the shotgun and ammunition at Wal-Mart. Plaintiff does not allege that Defendants did anything affirmatively to create the dangerous circumstances. Actually, Defendants did not stand by and do nothing knowing that Mr. Parsons had purchased the shotgun and ammunition. Within about three hours of learning of it, they responded by going to Mr. Parsons residence, confiscating the shotgun, and arresting and charging Mr. Parsons with obtaining and possessing it unlawfully. These are not the sort of circumstances which will support a claim under the "state-created danger doctrine." Accordingly, the undersigned finds that it is beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief and envisions no way the deficiency may be remedied by amendment of the pleadings. Plaintiff has failed to state a claim for which relief can be granted, and his Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff's Amended Complaint should also be dismissed because he failed to initiate these proceedings within the applicable period of limitation. There is no period of limitations for suits under Section 1983 under federal statute, and federal Courts therefore resort to their respective State's statutes of limitations. "In federal question cases, although the limitations period is borrowed, the tolling provisions generally are not. Lewis v. Richmond City Police Department, 947 F.2d 733, 735 (4th Cir. 1991). The applicable period of limitation upon Plaintiff's right to file this action was two years from the time the cause of action accrued. W. Va. Code § 55-2-12(b)[5]; see also Reingold

---

[5] West Virginia Code § 55-2-12 provides as follows:

Every personal action for which no limitation is otherwise prescribed shall be

v. Evers, 187 F.3d 348, 359 at fn. 10 (4th Cir. 1999). Although the limitation period is borrowed from State law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)(en banc), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996)(citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" Nasim, 64 F.3d at 955 (quoting Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, for a Section 1983 action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice – e.g., by the knowledge of the fact of injury and who caused it -- to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim, 64 F.3d at 955. To determine when a plaintiff possessed knowledge of his injury, the Court "may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" Brooks v. City of Winston-Salem, NC, 85 F.3d at 181 (citations omitted).

Applying the West Virginia statute of limitation, together with the federal standard of accrual, it is clear that any right Plaintiff had to proceed under Section 1983 accrued on August 31,

---

brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

2002, the date on which the safety of Plaintiff and his family was threatened through Mr. Parsons'
purchase of the shotgun and ammunition. On that date, Plaintiff obtained and "possessed sufficient
knowledge of his cause of action . . . to place him on inquiry notice." See Nasim, 64 F.3d at 956.
Plaintiff filed his Complaint initiating this matter October 23, 2004, nearly two months after the
limitation period had run. Plaintiff has not stated or indicated any cognizable basis for concluding
that the state of limitations was tolled. Plaintiff was not incarcerated and therefore was not under any
disability on August 18, 2002, when his cause of action accrued. Nor is it evident that Plaintiff was
under any mental disability or prevented in any way by Defendants from discovering that he might
have a claim against them and proceeding against them. Accordingly, any claim which Plaintiff had
under Section 1983 as a consequence of the circumstances which occurred on August 31, 2002, is
barred by operation of the applicable statute of limitations, W.Va.Code § 55-2-12.

The undersigned further finds that Plaintiff's Amended Complaint must be dismissed for
many of the reasons stated by Defendants. It is evident that certain of them, including, but not
limited to, Lewisburg city attorney Patrick Via and the Greenbrier County Clerks and Sheriffs
Offices, had nothing whatever to do with the circumstances which occurred on August 18, 2002, and
otherwise had no legal duty or responsibility to Plaintiff in view of those circumstances. It is further
evident that the agencies and Magistrate Judges have qualified and absolute immunity from liability.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court
confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT**
Defendants' Motions (Document Nos. 33, 34, 36, 38, 40, 45, and 69.), **DISMISS** this action and
remove this case from the Court's docket. The parties are hereby notified that this "Proposed

Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Parties shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Plaintiff who is acting *pro se*.

Date:   February 21, 2008.

R. Clarke VanDervort
United States Magistrate Judge

14