IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES WOODSON
and WOODSON ESTATES
and FAMILY,

                Plaintiffs,

v.                                            CIVIL ACTION NO.  5:04-cv-01165

CITY OF LEWISBURG, et al.,

                Defendants.

**MEMORANDUM OPINION**

Plaintiff James Woodson, *pro se*, brings this civil action against several individual officers of the Lewisburg Police Department, the department itself, the Greenbrier County Sheriff's Department, the City of Lewisburg, the West Virginia State Police Lewisburg Detachment, the Greenbrier County Clerk's Office, three magistrate judges in Greenbrier County, the city attorney for the City of Lewisburg, Wal-Mart Stores, Inc. (Wal-Mart), and Gilbert James Parsons.  The complaint arises out of an incident that occurred at the Wal-Mart in Lewisburg, West Virginia on August 31, 2002.  Plaintiff brings suit not only on his behalf, but also on behalf of the members of his family and the "Woodson Estates."

By Standing Order entered on July 21, 2004, and filed in this case on October 28, 2004, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge VanDervort filed his PF&R on February 21, 2008 [Docket 78].  In that filing, the magistrate judge recommended that this Court

grant Defendants' Motions to Dismiss [Dockets 33, 34, 36, 38, 40, 45, and 69];[1] and (2) dismiss this matter from the Court's docket. For the reasons stated below, the Court adopts these recommendations.

## I. BACKGROUND

The full factual and procedural history of this case is set forth in the PF&R. In short, Plaintiff alleges that on October 30, 2002,[2] Parsons, who appears to be Plaintiff's brother, and Vada Woodson, their grandmother, drove to the Wal-Mart in Lewisburg, West Virginia. As Ms. Woodson waited in the car, Parsons entered the store, falsely completed an ATF Form 4473, and purchased a shotgun and ammunition. Officer McClintic, a police officer with the Lewisburg Police Department, and off duty at the time, allegedly saw Parsons purchasing the firearm and informed Wal-Mart's employee that Parsons was a felon and had a history of mental illness. Despite this warning, Plaintiff claims that the employee sold Parsons the gun. Plaintiff avers that Officer McClintic and Officer Workman, who arrived as Parsons was leaving, did nothing to stop him from illegally possessing the shotgun.

Parsons is then alleged to have placed the weapon and ammunition in the trunk of the car without Ms. Woodson's knowledge. The two proceeded to Parsons' residence where Plaintiff,

---

[1] Following entry of the PF&R, the West Virginia State Police Lewisburg Detachment also filed a Motion to Dismiss [Docket 82]. Its motion is based on the same grounds argued by the other defendants. Thus, the only defendant that has not filed a motion to dismiss is Parsons, and he has not yet been served. (*See* Docket 44.)

[2] Although Plaintiff alleges in his Amended Complaint that the incident took place on October 30, 2002, the magistrate judge found that the incident occurred on August 31, 2002. (*See* Docket 78 at 12-13; Docket 69-3, ex. A.) Plaintiff makes no objection to the magistrate judge's factual finding in the PF&R and concedes that this was the proper date in his objections. (Docket 84 at 25.) Thus, the Court will consider August 31, 2002, as the date the alleged events transpired.

Parsons' mother, and two younger brothers were located. Plaintiff claims that Parsons taught his younger brothers how to load and point the gun. At some point, the younger brothers aimed the gun at Parsons' mother as she entered the room. According to Plaintiff, approximately three hours later, officers from the Lewisburg Police Department arrived at the residence and arrested Parsons. Plaintiff alleges that as a result of this incident, Ms. Woodson suffered a stroke.

On October 28, 2004, Plaintiff filed a one-hundred and fifty three page Complaint [Docket 1] and an Application to Proceed *in forma pauperis* [Docket 4]. On August 31, 2005, the magistrate judge granted Plaintiff's application,[3] and ordered Plaintiff to file an amended complaint setting forth a clear and concise statement of his claims against each defendant. Thereafter, on October 7, 2005, Plaintiff filed his Amended Complaint [Docket 9-2]. All of the defendants, except for Parsons, filed motions to dismiss.

## II. PF&R

The magistrate judge found that based on Plaintiff's allegations, he attempts to state a cause of action pursuant to 42 U.S.C. § 1983, specifically under the "state-created danger doctrine" enunciated in *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 201 (1989). He concluded that Plaintiff failed to state a claim under this doctrine and consequently recommended that the Court dismiss this case on that basis. Additionally, Magistrate Judge VanDervort determined that Plaintiff's federal cause of action was barred by the statute of limitations.

The magistrate judge did not, however, address any of Plaintiff's claims against Wal-Mart and Parsons or any state law claims Plaintiff seems to allege against all of the defendants. Reading

---

[3] Because the magistrate judge already granted Plaintiff's application to proceed *in forma pauperis*, and because Plaintiff already paid the filing fee in full, his second application [Docket 31], which is currently pending before the Court, is **DENIED AS MOOT**. (*See* Docket 10.)

Plaintiff's allegations liberally, the Court **FINDS** that he also attempts to set forth negligence claims against all of the defendants, including Wal-Mart and Parsons. Nevertheless, as discussed in more detail below, Plaintiff fails to state a single cognizable legal claim against anyone.

### III. OBJECTIONS TO THE PF&R

Plaintiff makes two objections to the PF&R. First, he asserts that he meets the *DeShaney* standard because the officers "acted" and created or enhanced a risk of injury when they did not immediately arrest Parsons at Wal-Mart. Second, Plaintiff objects to the magistrate judge's finding that his claims should "be dismissed because he failed to initiate these proceedings within the applicable period of limitation[,]" and argues that the statute should be tolled. (Docket 78 at 11.)

### IV. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). When reviewing the portions of the PF&R *de novo*, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Under this liberal standard, however, Plaintiff's Amended Complaint may still be dismissed for failure to state a claim upon which relief may be granted "if it is clear that no relief could be granted *under any set of facts that could be proved consistent with the allegations*." *Teachers' Ret. Sys. v. Hunter*, 477 F.3d 162, 170 (4th Cir. 2007) (emphasis in original) (citation omitted). Plaintiff must provide sufficient factual allegations "to raise a right to relief above the speculative level[,]" and must "nudge" his claim "across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965, 1974 (2007).

## V. DISCUSSION

Initially, the Court notes that Plaintiff has brought this suit on behalf of himself and other members of his family for not only injuries he sustained, but also for the stroke he claims that Ms. Woodson suffered as a result of Parsons' actions. Plaintiff has no standing to sue for injuries suffered by Ms. Woodson. "[G]enerally [a plaintiff] must assert his own legal rights and interests." *Hodel v. Irving*, 481 U.S. 704, 711 (1987). Furthermore, "[w]hile [28 U.S.C. §1654] allows [a plaintiff] to prosecute his own actions *in propria persona*, that right is personal to him, and absent some other statutory authorization, [a plaintiff] has no authority to prosecute an action in federal court on behalf of others than himself." *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007); *Myers v. Loudoun County Pub. Sch.*, 418 F.3d 395 (4th Cir. 2005); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001) (stating *pro se* litigants lack authority to represent the interests of other parties). Thus, any claims based on the injuries Ms. Woodson or the other members of Plaintiff's family sustained are **DISMISSED**.

With respect to Plaintiff's first objection, in order to establish a due process claim under the "state-created danger doctrine," a plaintiff must show, among other things, that an affirmative act of a state actor created or enhanced a risk of injury or death to the plaintiff. *Sloane v. Kanawha County Sheriff Dep't*, 342 F. Supp. 2d 545, 549 (S.D. W. Va. 2004). Despite Plaintiff's argument that the officers in this case "acted" because they did not prevent Parsons from leaving Wal-Mart, an action requires an affirmative act, not a failure to act. *See Jones v. Reynolds*, 438 F.3d 685, 691 (6th Cir. 2006) ("failure to act is not an affirmative act under the state-created danger theory"). Plaintiff cannot show that officers engaged in an affirmative act that caused or enhanced his risk of injury. The act of selling the firearm was conducted by Wal-Mart, which is not a state actor. Thus,

he fails to state a claim under § 1983 against any of the state actors named in the Amended Complaint, and his first objection is **OVERRULED**.[4]

Even though the Court dismisses Plaintiff's federal cause of action claims, in the considerations of judicial economy, the Court will exercise supplemental jurisdiction over his state claims. *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995); *Ketema v. Midwest Stamping, Inc.*, 180 F. App'x 427, 428 (4th Cir. 2006) (holding that dismissal is an abuse of discretion where the state statute of limitations expired prior to dismissal of the anchor federal claim); *but see* 28 U.S.C. § 1367(d).

As noted above, Plaintiff attempts to allege a negligence claim against all of the defendants. However, Plaintiff fails to allege a viable cause of action because he suffered no physical injury and does not establish that his mental distress is "not spurious."

To prove negligence, a plaintiff must prove that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach was the proximate cause of the damages plaintiff sustained. *Atkinson v. Harman*, 158 S.E.2d 169, 173 (W. Va. 1967). Plaintiff claims that he "suffered damages including but not limited to, physical pain and suffering, mental anguish; limitations in their activities; and a diminution in their ability to enjoy life." (Docket 9-2 at 9.) He gives no explanation as to what "physical pain and suffering" he personally endured as a result of Defendants' actions. In fact, the factual allegations establish conclusively that there is

---

[4] Furthermore, "[u]nder the state-created danger doctrine, state actors may [be] held to be liable for a violation of an individual's liberty interest in bodily integrity, even though the *actual physical injury* of which a plaintiff complains was the direct result of violence perpetrated by private actors." *Sloane*, 342 F. Supp. 2d at 549 (emphasis added). Because Plaintiff suffered no physical injury, he has not alleged any deprivation of his right to liberty and thus cannot state a claim under § 1983 for this reason as well.

no physical injury Parsons could have caused Plaintiff. Thus, under West Virginia law to state a claim for negligence absent accompanying physical injury, Plaintiff must allege "facts sufficient to guarantee that the emotional damages claim is not spurious." Syl. pt. 2, *Ricottilli v. Summersville Mem'l Hosp.*, 425 S.E.2d 629 (W. Va. 1992). Plaintiff has made no such allegations. Therefore, any negligence claim Plaintiff attempts to assert in his Amended Complaint is frivolous and without merit.[5] Because Plaintiff fails to state a cognizable claim under either state or federal law, it is unnecessary to address Defendants' statute of limitations defense.[6]

---

[5] Because Parsons has not filed a motion to dismiss, and notwithstanding the fact that Plaintiff has paid the filing fee, the Court will dismiss his claims against Parsons *sua sponte*. *Fitzgerald v. First E. Seventh St. Tenants, Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). Further, even if Plaintiff stated a valid claim against Parsons, Parsons has not been served and would be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

[6] The Court notes, however, that although it appears that the magistrate only analyzed this defense with respect to Plaintiff's federal cause of action, it is equally applicable to his state law claims of negligence because the period of limitations is the same. *See* W. Va. Code § 55-2-12(b); *Beall Plumbing & Heating Co. v. First Nat'l Bank*, 847 F. Supp. 1307, 1310 (S.D. W. Va. 1994) (Faber, J.). Plaintiff argues that the statute of limitations should be tolled because he was incarcerated by Defendants to prevent him from investigating his claims and because Ms. Woodson later became disabled and it was only then that Plaintiff knew she was injured. As noted above, Plaintiff has no standing to assert a claim on behalf of Ms. Woodson, and therefore any argument that the statute of limitations is tolled because of her disability is without merit. Likewise, Plaintiff's argument that the statute of limitations should be tolled as applied to him because of his later incarceration is unpersuasive. In *Hardin v. Straub*, 490 U.S. 536, 539-40 (1989), the Supreme Court held that federal courts should apply state statute of limitations and the coordinate tolling rules. West Virginia does not have a statute that tolls the period of limitations because a plaintiff becomes incarcerated. In fact, in West Virginia, the statute of limitations is tolled by disability only when the plaintiff suffers from a mental disability at the time the cause of action accrues or immediately thereafter. *See* syl. pt. 4, *Worley v. Beckley Mech., Inc.*, 648 S.E.2d 620 (W. Va. 2007). Because Plaintiff was not suffering from a recognized disability at the time his cause of action accrued or immediately thereafter, the statute of limitations is not tolled. Furthermore, there is no reasonable basis to equitably estop Defendants from asserting the defense based on fraudulent concealment. *See Merrill v. W. Va. Dep't of Health & Human Res.*, 632 S.E.2d 307, 325 (W. Va. 2006). The Court finds no merit to Plaintiff's assertion that Defendants threw him in jail so he could not investigate his cause of action. He had all the facts necessary to pursue his claim on August 31,
(continued...)

## VI.  CONCLUSION

For the reasons stated above, the Court **ADOPTS** the recommendations contained in the PF&R, **OVERRULES** Plaintiff's Objections [Docket 84], **DENIES AS MOOT** Plaintiff's Application to proceed *in forma pauperis* [Docket 31], **GRANTS** Defendants' Motions to Dismiss [Dockets 33, 34, 36, 38, 40, 45, 69, and 82] and **DISMISSES** Plaintiff's Amended Complaint [Docket 9-2] in its entirety.  A judgment order will be entered this day implementing the rulings contained herein.

                ENTER:     March 31, 2008

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[6](...continued)
2002, when the officers arrested Parsons.  As this Court knows all too well, being incarcerated does not prevent the filing of a lawsuit.